IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**THEOPELIS L. SCHAFFER, II**                                                **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 2:17-cv-7-KS-MTP**

**FORREST COUNTY BOARD OF SUPERVISORS, ET AL.**         **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this matter and failure to comply with the Court's orders. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

On January 13, 2017, Plaintiff filed this *pro se* civil action and paid the filing fee. On January 17, 2017, the Clerk of Court sent a Memorandum [2] to Plaintiff advising him that he was responsible for service of process pursuant to Federal Rule of Civil Procedure 4.[1] The Clerk provided Plaintiff summons forms, instructions for the issuance and service of process pursuant to Rule 4, and a copy of Rule 4. Plaintiff was warned that his failure to serve process in accordance with Rule 4 could result in the dismissal of this case. Plaintiff completed and returned the summons forms to the Court, and on February 3, 2017, summonses were issued for the Defendants and provided to Plaintiff. To date, no Defendant has appeared, nor has Plaintiff filed a proof of service for any Defendant.

---

[1] Because Plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Court and the United States Marshal have no obligation to assist Plaintiff with service of process. *See* Fed. R. Civ. P. 4(c); L.U. Civ. R. 4(b) ("The United States Marshal does not serve process in civil actions except on behalf of the federal government, in actions proceeding *in forma pauperis*, on writs of seizure and executions of judgment, and when otherwise ordered by a federal court.")

1

Plaintiff has a duty to properly serve the Defendants with process under Rule 4 within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(c) (providing that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service"); *see also* Fed. R. Civ. P. 4(m) (providing that if the plaintiff fails to serve the defendant with the complaint within 90 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Thus, Plaintiff had a duty to serve the Defendants on or before April 12, 2017. Plaintiff, however, failed to serve the Defendants.

Accordingly, on May 5, 2017, the Court entered an Order to Show Cause [7] requiring Plaintiff to file a written statement setting forth why this case should not be dismissed for his failure to timely serve process or, alternatively, serve the Defendants and file proof of service. The Order to Show Cause [7] directed Plaintiff to comply on or before May 31, 2017.

On May 19, 2017, Plaintiff filed a Response [9] asking the Court to excuse his "lack of guidance on serving, proof of service . . . ." Plaintiff also filed a Response [8] requesting guidance from the Clerk of Court on how to file proof of service. On June 13, 2017, the Court entered a Final Order to Show Cause [10]. In the Order [10], the Court noted that the Clerk of Court previously provided Plaintiff with instructions for the issuance and service of process pursuant to Rule 4 and provided Plaintiff with a copy of Rule 4. The Court also instructed Plaintiff that he "may simply provide the summons, with proof of service properly completed, to the Clerks' office for filing" or could seek legal advice.

Additionally, the Court ordered Plaintiff to file a written statement setting forth why this case should not be dismissed for his failure to timely serve process or, alternatively, "serve the

Defendants with the summons and complaint and . . . file the proof of service of the summons and complaint by the server's affidavit pursuant to Rule 4(l)." The Court again warned Plaintiff that his failure to respond to the Order or to properly serve the Defendants by July 11, 2017, could result in the dismissal of this action. *See* Order [10].

On June 27, 2017, Plaintiff provided the Court copies of three certificates of service indicating that on January 13, 2017—the day this action was filed and before any summonses were issued—Plaintiff mailed copies of his complaint to Defendants. *See* Response [11].[2] These certificates, however, do not serve as proof that Plaintiff properly served the Defendants in accordance with Rule 4 and do not serve as a proper response to the Court's orders.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). Plaintiff has failed to abide by the orders of this Court as he has not perfected service. Plaintiff has not identified any impediment,

---

[2] In the certificates, Plaintiff states that he mailed copies of his complaint to Defendants (Forrest County Board of Supervisors, Billy Magee, and Medical Staff) at "55 Arena Dr. Hattiesburg, MS 39401," which is the address of the Forrest County Regional Jail where Plaintiff is currently incarcerated.

3

financial or otherwise, preventing him from serving process.  Plaintiff has not shown cause why this case should not be dismissed.

Additionally, Rule 4 provides: "If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant . . . ." Fed. R. Civ. P. 4(m).  Because Plaintiff has failed to serve process in compliance with Rule 4 despite multiple notices by the Court that such failure may result in a dismissal and has failed to demonstrate good cause to justify further delay, dismissal is appropriate under Rule 4(m). *See Hearron v. Nichols*, 2006 WL 1791172, at *1 (S.D. Miss. June 5, 2006).

## RECOMMENDATION

As Plaintiff has failed to comply with the Court's orders or timely serve process on Defendants, the undersigned recommends that this matter be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This 29th day of August, 2017.

s/ Michael T. Parker
United States Magistrate Judge